IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES F. BROWN     PLAINTIFF

v.     Civil No. 06-1019

KEN JONES, Sheriff, Union
County, Arkansas; JUAN M.
REYES, Deputy Sheriff; GREG
STEVENSON, Deputy Sheriff;
SHELBY MURPHEE; and
UNION COUNTY, ARKANSAS     DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

James F. Brown filed this civil rights action on February 17, 2006. The complaint was filed in forma pauperis (IFP) subject to a later determination of whether it should be served upon the defendants.

On April 20, 2006, the undersigned entered an order (Doc. 6) directing the plaintiff to sign and return an addendum to his complaint. The court received the addendum (Doc. 9) on May 9, 2006.

### BACKGROUND

Brown alleges that Shelby Murphee made a false statement to the Union County Sheriff's Office on December 18, 2005. *Addendum* at ¶ 2(a). Specifically, Brown alleges Murphee reported that someone had pulled fence off of his property. *Id.* Brown also maintains Murphee entered Brown's property on December 18th at the request of Deputy Greg Stevenson. *Id.* at ¶ 2 & ¶ 3.

On December 19, 2005, Brown was arrested and charged with criminal mischief and theft of property. *Addendum* at ¶ 1. Although a warrant had been issued for his arrest, Brown maintains the officers who arrested him did not have the warrant with them when he was arrested. *Id.*

-1-

The criminal mischief and theft of property charges are still pending. *Addendum* at ¶ 7. Brown maintains these charges are frivolous, groundless, malicious, and slanderous. *Id.* at ¶ 2.

## DISCUSSION

Brown's claims are subject to dismissal. First, no claim is stated under 42 U.S.C. § 1983 against Shelby Murphee. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. A private individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law. *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other that what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime).

Furthermore, it has been "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). Similarly, a cause of action for defamation is not cognizable under § 1983. *Loftin v. United States*, 72 F.3d 133 (8th Cir. 1995); *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983).

Second, because the criminal charges are currently pending, Brown's claims are not presently cognizable under § 1983. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly

AO72A
(Rev. 8/82)

unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

The rationale of *Heck* has been applied to § 1983 complaints filed while the criminal charges are pending. *See e.g., Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996). In *Smith*, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

*Smith*, 87 F.3d at 113.

In footnote seven, the Supreme Court in *Heck* explained that a damages action for an illegal search does not necessarily imply the invalidity of a conviction. *Heck*, 114 S. Ct. at 2372 n. 7. Specifically, the Court said:

> a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of

> doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Id.*

To the extent Brown's claims are not barred by *Heck*, abstention is appropriate. "In *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999), *cert. denied*, 529 U.S. 1038, 120 S. Ct. 1534, 146 L. Ed. 2d 348 (2000). Abstention under *Younger* "is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Id.* (*citing Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, Brown's claims stem from the fact that he was arrested and charged with criminal mischief and theft of property. These charges are currently pending. The issue of whether his property was illegally searched, whether the evidence should be suppressed, and whether probable cause existed for his arrest can be litigated in the state court criminal case. To allow Brown's action to proceed at this point would require this court to interfere in ongoing state criminal proceedings, and this court will not do so absent extraordinary circumstances. No such circumstances exist here and abstention is appropriate.

AO72A
(Rev. 8/82)

## CONCLUSION

I therefore recommend that Brown's claims against Shelby Murphee be dismissed prior to service of process as the claims are frivolous and fail to state claims upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed because it fails to state a claim or states a claim that is not presently cognizable). I further recommend Brown's false arrest and false imprisonment claims be dismissed on the grounds they are barred by *Heck*. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed because it fails to state a claim or states a claim that is not presently cognizable). Finally, to the extent the remaining claims, such as the illegal search claim are not barred by *Heck*, I recommend the claims be stayed and administratively terminated. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999)(stay rather than dismissal appropriate when damages are sought and the court is not being asked to declare a state statute unconstitutional). Brown may reopen his claims after the conclusion of the state criminal case.

**Brown has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Brown is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of May 2006.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE

-5-